UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENELL THORPE,<br><br>        Plaintiff,<br><br>   v.<br><br>C. HEARN, et al.,<br><br>        Defendants. | No. 2:19-cv-1974 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's objections to his noticed deposition. (ECF No. 32.) In his objections, plaintiff requests that his deposition be postponed by ninety days. For the reasons stated herein, plaintiff's objections are without merit. Plaintiff's request to postpone his deposition is denied.

Plaintiff alleges that the deposition notice contains a request for production of documents. Plaintiff alleges that he did not receive thirty days notice for the request for production of documents, as required by Federal Rule of Civil Procedure 34.

Federal Rule of Civil Procedure 30(b)(1) requires that a party seeking a deposition give "reasonable notice" of the deposition. When a deposition notice "requires production of documents at the deposition, Rule 30(b)(2) dictates that 'reasonable notice' is provided as stated in Rule 34." Guzman v. Bridgepoint Education, Inc., 2014 WL 1670094, at *2 (S.D. Cal. Apr.

28, 2014). "Rule 34(b)(2) states that the party to whom a request for production of documents is directed must respond within 30 days after service of the request." Id. (citing Ghosh v. Cal. Dept. of Health Services, 1995 WL 105323, at *3 (9th Cir. 1995).)

Plaintiff provides no evidence supporting his claim that he received less than thirty days notice for the request for production of documents. Plaintiff does not attach a copy of the request for production of documents to his objections. Plaintiff also does not identify the date his deposition is scheduled. For these reasons, the undersigned finds that plaintiff's objection that the request for production of documents was not timely served is not well supported.

Plaintiff also argues that defendants have access to the documents sought in the request for production of documents. However, plaintiff did not attach a copy of the request for production of documents to his objections. Plaintiff also failed to identify any specific documents he alleges defendants have access to. For these reasons, plaintiff's objection that defendants have access to the documents sought in the request for production of documents is without merit.

Plaintiff also argues that because he has just begun discovery, the request for production of documents is premature. This objection is without merit because if plaintiff obtains discovery after his deposition that is relevant to his responses to the request for production of documents, plaintiff shall supplement his responses to the request for production of documents. Fed. R. Civ. P. 26 (e)(1)(A) (a party who has responded to a request for production of documents must supplement or correct their responses in a timely manner if the party learns that in some material respect the response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing).

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to postpone his deposition by ninety days, contained in his March 23, 2020 objections (ECF No. 32), is denied.

Dated: April 7, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

thor1974.36