UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENELL THORPE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. HEARN, et al.,<br><br>　　　　　Defendants. | No. 2: 19-cv-1974 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's amended complaint filed October 30, 2019 (ECF No. 11), as to the following claims: 1) defendant Hearn used excessive force, in violation of the Eighth Amendment, when he allegedly shot plaintiff in the face with a 40 mm impact round on September 14 2018; 2) defendant Parham allegedly retaliated against plaintiff for filing a grievance against him on July 4, 2018, by filing two rules violation reports against plaintiff in August 2018; 3) defendant Parham allegedly retaliated against plaintiff for filing grievances against him, including a grievance filed against defendant Parham on August 30, 2018, by denying plaintiff access to his property after plaintiff was moved to administrative segregation; 4) defendant Hearn allegedly retaliated against plaintiff for filing a grievance against defendant Parham by inciting inmate Sotolongo to attack plaintiff and by shooting plaintiff in the face with the 40 mm round on September 14, 2018; 5) defendant Erickson provided inadequate

1

medical care in violation of the Eight Amendment when defendant Erickson failed to treat the injuries plaintiff suffered as a result of being shot in the face with the 40 mm impact round on September 14, 2018; and 6) defendant Hearn violated the Eighth Amendment by allegedly telling inmate Sotolongo that plaintiff was a snitch and sending inmate Sotolongo to "handle" plaintiff. (See ECF No. 13.)

On March 10, 2020, defendants filed a motion for partial summary judgment. (ECF No. 31.) Defendants argue that plaintiff failed to administratively exhaust his retaliation claims against defendant Hearn and Parham and his claim alleging that defendant Hearn violated the Eighth Amendment by allegedly telling inmate Sotolongo that plaintiff was a snitch.[1] Plaintiff has not opposed the motion for partial summary judgment.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Id. On February 27, 2020 and March 10, 2020, plaintiff was advised of the requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).]

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Id.

////

////

////

////

---

[1] In the motion for partial summary judgment, defendants state that plaintiff administratively exhausted his claim alleging that defendant Hearn used excessive force when he allegedly fired the 40mm launcher that struck plaintiff in the face. The motion for partial summary judgment does not address the Eighth Amendment inadequate medical care claim against defendant Erickson.

2

Good cause appearing, IT IS HEREBY ORDERED that, within **sixty** days from the date of this order, plaintiff shall file an opposition, if any, to the motion for partial summary judgment. Failure to file an opposition will be deemed as consent to having the motion for partial summary judgment granted.

Dated: April 13, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Thorp1974.nop