UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENELL THORPE, | No. 2: 19-cv-1974 KJN P |
| Plaintiff, | |
| v. | ORDER |
| C. HEARN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, plaintiff is ordered to show cause why this action should not be dismissed for his failure to prosecute.

On March 10, 2020, defendants filed a motion for partial summary judgment. (ECF No. 31.) Plaintiff failed to file an opposition. Accordingly, on April 13, 2020, the undersigned granted plaintiff sixty days to file an opposition. (ECF No. 34.) The undersigned advised plaintiff that failure to file an opposition would be deemed as consent to having the motion for partial summary judgment granted. (Id.) Sixty days passed and plaintiff did not file an opposition to the motion for partial summary judgment.

On June 25, 2020, defendants filed a motion to compel. (ECF No. 35.) In the motion to compel, defendants allege that plaintiff failed to respond to their discovery requests. Plaintiff did not file an opposition to defendants' motion to compel.

1

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate ... dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff's failure to oppose defendants' motion for partial summary judgment and motion to compel suggests that plaintiff is no longer interested in litigating this action. Accordingly, plaintiff is ordered to show cause why this action should not be dismissed for his failure to prosecute. Plaintiff is informed that the undersigned will recommend that this action be dismissed without prejudice if he fails to respond to this order.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, plaintiff shall show cause why this action should not be dismissed without prejudice for his failure to prosecute; the undersigned will recommend dismissal of this action if plaintiff fails to respond to this order.

Dated: July 23, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Thorpe1974.osc