UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENELL THORPE, | No. 2:19-cv-1974 KJN P |
| Plaintiff, | |
| v. | ORDER |
| C. HEARN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On July 23, 2020, the undersigned granted plaintiff thirty days to show cause why this action should not be dismissed without prejudice for his failure to prosecute. (ECF No. 36.) For the reasons stated herein, the order to show cause is discharged.

On March 10, 2020, defendants filed a motion for partial summary judgment. (ECF No. 31.) Plaintiff failed to file an opposition. Accordingly, on April 13, 2020, the undersigned granted plaintiff sixty days to file an opposition. (ECF No. 34.) Sixty days passed and plaintiff did not file an opposition to the motion for partial summary judgment.

On June 25, 2020, defendants filed a motion to compel. (ECF No. 35.) Defendants argued that plaintiff failed to respond to two sets of requests for admissions. Defendants requested that the requests for admissions be deemed admitted. Plaintiff did not file an opposition to defendants' motion to compel.

1   On July 23, 2020, the undersigned ordered plaintiff to show cause within thirty days why this action should not be dismissed based on his failure to oppose defendants' motion for partial summary judgment and motion to compel. (ECF No. 36.)  Thirty days passed and plaintiff did not respond to the order to show cause. However, on August 3, 2020, plaintiff filed a motion for extension of time to file an opposition to defendants' motion for partial summary judgment. (ECF No. 37.) Attached to the motion for extension of time are most of plaintiff's responses to defendants' requests for admissions. (Id.)

Plaintiff's motion for extension of time demonstrates that plaintiff intends to prosecute this action. Accordingly, the order to show cause is discharged.

In the motion for extension of time, plaintiff alleges that the law library at the Substance Abuse Training Facility ("SATF") uses the Law Library Electronic Delivery System ("LLEDS"). Plaintiff allege that his use of LLEDS to conduct research is slow because he has no training in LLEDS and his law library experience is limited. Plaintiff also alleges that his law library access is limited due to the COVID-19 pandemic. For these reasons, plaintiff requests an extension of time to file an opposition to defendants' motion for partial summary judgment.

The undersigned finds it extremely troubling that plaintiff's motion for extension of time does not address his failure to respond to the April 13, 2020 order granting plaintiff sixty days to file his opposition. Nevertheless, in these unusual times, the undersigned finds good cause to grant plaintiff one final opportunity to file an opposition to defendants' summary judgment motion. No further requests for extension of time will be granted.

Plaintiff's motion for extension of time fails to address defendants' motion to compel. However, plaintiff has now provided defendants with responses to the requests for admissions, except for responses to request nos. 9-11, second set. It appears that plaintiff inadvertently failed to include his responses to request nos. 9-11, second set.

In the motion to compel, defendants request that the requests for admissions be deemed admitted based on plaintiff's failure to respond. However, neither defendants' requests for admissions nor their meet and confer letter, attached to the motion to compel, advised plaintiff that the requests could be deemed admitted if he did not provide timely responses. For this

reason, the undersigned is not inclined to deem defendants' requests for admissions admitted. See Diggs v. Keller, 181 F.R.D. 468, 469 (D. Nev. 1998) ("[B]efore a matter may be deemed admitted against a pro se prisoner for failure to respond to a request, the request for admission should contain a notice advising the party to whom the request is made that, pursuant to Rule 36 of the Federal Rules of Civil Procedure, the matters shall be deemed admitted unless said request is responded to within thirty (30) days after service of the request or within such shorter or longer time as the court may allow."); United States v. $30,464.00 in U.S. Currency, 2015 WL 10937514, at *3 (C.D. Cal. Feb. 9, 2015) (same); Medina v. Donahoe, 854 F.Supp.2d 733, 748 (N.D. Cal. 2012) (same).

Because plaintiff has now provided defendants with responses to most of the requests for admissions, defendants are ordered to show cause why their motion to compel should not be deemed resolved, except for request nos. 9-11, second set.

Plaintiff is ordered to provide defendants with his responses to request nos. 9-11, second set, within thirty days.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The July 23, 2020 order to show cause (ECF No. 36) is discharged;

2. Plaintiff's motion for an extension of time to file an opposition to defendants' motion for partial summary judgment (ECF No. 37) is granted; plaintiff is granted forty-five days to file an opposition; no further requests for extension of time will be granted;

3. Within twenty-one days of the date of this order, defendants shall show cause why their motion to compel should not be deemed resolved, but for request for admissions nos. 9-11, second set;

////

////

---

[1] Request for admission no. 9 states, "Admit that on February 27, 2020, you authored a J-Pay message to Leslie Peete instructing her to send $50 to an inmate Padilla (G-47340)." (ECF No. 35-2 at 24.) Request no. 10 states, "Admit that on March 1, 2020, $50 was deposited to inmate Padilla's account." (Id.) Request no. 11 states, "Admit that on May 8, 2019, $90 was deposited to inmate Jimmy Render's account." (Id.) Any further motion to compel regarding these requests shall address the relevancy of these requests.

4. Within thirty days of the date of this order, plaintiff shall serve defendants with a response to request for admissions nos. 9-11, second set.

Dated: August 31, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

thorp1974.36