UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENELL THORPE,<br><br>  Plaintiff,<br><br> v.<br><br>C. HEARN, et al.,<br><br>  Defendants. | No. 2: 19-cv-1974 KJM KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 21, 2020, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Neither party has filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . ."). Having reviewed the file, the court finds the findings and recommendations to be

1

supported by the record and by the proper analysis with the exception of the magistrate judge's recommendation to hold that plaintiff did not show he had exhausted the claims in grievance number MCSP-A-18-3757. *See* F&Rs at 14–15. That grievance is related to plaintiff's claim that defendant Parham retaliated against him by filing a false rules violation report about forging a document." *Id.* at 14; *see also* Fleets Decl. Ex. C at 18–21,[1] ECF No. 31-7.

      Plaintiff's administrative appeal relating to this grievance was canceled for exceeding time limits. *See* Fleets Decl. Ex. C at 18. Plaintiff challenged that cancelation as improper, and he submitted a copy of his challenge in opposition to summary judgment. *See* Thorpe Decl. ¶ 9 & Attachment 5, ECF No. 43. The magistrate judge found, however, that plaintiff had not carried his burden to show that he submitted the challenge because plaintiff "provided no evidence that he mailed the grievance to the Appeal Chief." *See* F&Rs at 14–15. But plaintiff declared under penalty of perjury that he had submitted the challenge, and nothing suggests he would not testify the same at trial. *See* Thorpe Decl. ¶ 9. His declaration creates a genuine dispute of material fact, which cannot be resolved at summary judgment. *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015) ("[The plaintiff's] declaration . . . , albeit uncorroborated and self-serving, [was] sufficient to establish a genuine dispute of material fact . . . . His testimony was based on personal knowledge, legally relevant, and internally consistent."). Summary judgment cannot be granted based on a finding that plaintiff did not challenge the cancellation of this grievance as untimely.

      Accordingly, IT IS HEREBY ORDERED that:

      1. The findings and recommendations filed October 21, 2020, are adopted in part;

      2. Defendant's motion for partial summary judgment (ECF No. 31) is granted except for the claims that defendant Parham retaliated against plaintiff for filing grievances by filing retaliatory rules violation reports against plaintiff on August 8 and 28, 2018; and

      3. Upon further review of the file and on its own motion, the court reconsiders its order at ECF No. 52 and finds the appointment of counsel to represent plaintiff is appropriate for the

---

[1] The pages cited here are those applied to the top right of each page by the CM/ECF system.

limited purposes of assisting plaintiff with discovery, any further pretrial motion practice, and preparing for and participating in any settlement conferences. The matter is referred to the supervisor of this court's pro bono panel, Sujean Park Castelhano, to identify an appropriate attorney.

DATED: April 1, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE