UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENELL THORPE, | No.  2: 19-cv-1974 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| C. HEARN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to compel.[1]  (ECF No. 45.) Defendants move to compel further responses to request for admissions, set one, nos. 14-31, 33, 36, 37, 43, 45, 48, 49, and request for admissions, set two, nos. 1-11.

For the reasons stated herein, defendants' motion to compel is denied.

////

---

[1]  Defendants filed the motion to compel on October 9, 2020.  (ECF No. 45.)  On April 2, 2021, Chief United States District Judge Kimberly J. Mueller referred this matter to the court's pro bono panel to identify an appropriate attorney to represent plaintiff in this action.  (ECF No. 59.) Based on Judge Mueller's April 2, 2021 order, on April 9, 2021, the undersigned vacated the motion to compel.  (ECF No. 60.)  On October 14, 2021, the court appointed counsel to represent plaintiff at a settlement conference.  (ECF No. 62.)  On January 24, 2022, a settlement conference was held.  This action did not settle.  Accordingly, on February 8, 2022, the undersigned reinstated defendants' motion to compel.  (ECF No. 71.)

1  <u>Plaintiff's Claims</u>

2       This action proceeds on plaintiff's amended complaint filed October 30, 2019, as to the

3  following claims:  1) defendant Hearn used excessive force, in violation of the Eighth

4  Amendment, when he allegedly shot plaintiff in the face with a 40 mm impact round on

5  September 14, 2018; 2) defendant Parham allegedly retaliated against plaintiff for filing

6  grievances by filing rules violation reports against plaintiff on August 8 and 28, 2018; and 3)

7  defendant Erickson allegedly provided inadequate medical care in violation of the Eighth

8  Amendment when defendant Erickson failed to treat plaintiff for the injuries plaintiff suffered as

9  a result of being shot in the face with the 40 mm impact round on September 24, 2018.  (ECF

10  Nos. 11, 46, 59.)

11  <u>Legal Standard for Motion to Compel</u>

12       The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.

13  Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or

14  defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within

15  this scope of discovery need not be admissible in evidence to be discoverable."  <u>Id.</u>  The court,

16  however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained

17  from some other source that is more convenient, less burdensome, or less expensive;" or if the

18  party who seeks discovery "has had ample opportunity to obtain the information by discovery;"

19  or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P.

20  26(b)(2)(C).

21        "The party seeking to compel discovery has the burden of establishing that its request

22  satisfies the relevancy requirements of Rule 26(b)(1)."  <u>Bryant v. Ochoa</u>, 2009 WL 1390794, at

23  *1 (S.D. Cal. May 14, 2009) (citations omitted).  "Thereafter, the party opposing discovery has

24  the burden of showing that the discovery should be prohibited, and the burden of clarifying,

25  explaining or supporting its objections."  <u>Id.</u>  The opposing party "has the burden to show that

26  discovery should not be allowed…"  <u>DIRECTV, Inc. v. Trone</u>, 209 F.R.D. 455, 458 (C.D. Cal.

27  2002).

28  ////

"The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled."  United States ex rel. Brown v. Celgene Corp., 2015 WL 12731923, at *2 (C.D. Cal. July 24, 2015) (internal citations and quotation marks omitted).

Legal Standards for Request for Admissions

Federal Rule of Civil Procedure 36(a) provides:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Fed.R.Civ.P. 36(a)(1).

"Unlike interrogatories, document production requests, and depositions, requests for admission 'are not a discovery device at all, "since [they] presuppose[ ] that the party proceeding under [Rule 36] knows the facts or has the document and merely wishes its opponent to concede their genuineness."'"  K.C.R. v. County of Los Angeles, 2014 WL 3433925, at *3 (C.D. Cal. July 14, 2014) (quoting Pasternak v. Dow Kim, 2011 WL 4552389 at *5 (S.D. N.Y. Sept. 28, 2011) (quoting 8B Wright, Miller, & Marcus, Federal Practice and Procedure § 2253 at 324)); see also Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998) ("Requests for admissions are not principally discovery devices ... and they are not to be treated as substitutes for discovery processes to uncover evidence ....") (internal citation and quotation marks omitted).  "Instead, the purpose of requests for admission is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree."  K.C.R. v. County of Los Angeles, 2014 WL 3433925, at *3 (citing Safeco of America v. Rawstrom, 181 F.R.D. at 443); see also Asea, Inc. v. Southern Pacific Transportation Co., 669 F.2d 1242, 1245 (9th Cir. 1981) ("The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial.").

"Where requests for admission do not narrow the range of issues for trial but are '"unreasonably cumulative" and "duplicative" of other discovery taken in the case, the requests

3

do not serve the purpose of Rule 36(a)' and are properly subject to objection." <u>K.C.R. v. County of Los Angeles</u>, 2014 WL at 3433925, at \*4 (quoting <u>Caruso v. Coleman Co.</u>, 1995 WL 347003 at \*2 (E.D. Pa. June 7, 1995)).  For example, "[a] request for admission as to whether or not a particular witness testified to certain information at a deposition is duplicative of the deposition itself" and may properly be objected to on that ground.  <u>Caruso v. Coleman</u>, 1994 WL 347003, at \*3; <u>see</u> <u>also</u> <u>Van Wagenen v. Consolidated Rail Corp.</u>, 170 F.R.D. 86, 87 (N.D.N.Y.1997) (requests for admission that "simply restate sentences" from a previously authenticated document are "unreasonably duplicative and cumulative"); <u>Rios v. Tilton</u>, 2010 WL 3784703, at \*7 (E.D. Cal. Sept. 24, 2010) (requests for admission asking party to admit "authenticity of quoted portions" of California Code and Department Operations Manual "impermissible in scope and unduly burdensome").  In addition, "requests for admission should not be used to establish 'facts which are obviously in dispute,' <u>Lakehead Pipe Line Co. v. American Home Assur. Co.</u>, 177 F.R.D. 454, 458 (D. Minn.1997), to 'demand that the other party admit the truth of a legal conclusion,' even if the conclusion is 'attached to operative facts,' or to ask the party to admit facts of which he or she has no special knowledge." <u>Tuvalu v. Woodford</u>, 2006 WL 3201096, at \*7 (E.D. Cal. Nov. 2, 2006) (quoting <u>Disability Rights Council v. Wash. Metro. Area</u>, 234 F.R.D. 1, 3 (D.C. Cir. 2006)).

<u>Discussion—Set One</u>

    The undersigned herein sets forth the at-issue requests for admissions from set one:

        Request no. 14: "Admit you had a phone call with your son Ray on December 29, 2019."

        Plaintiff's response to no. 14:  "Don't recall/Irrelevant."

        Request no. 15: "Admit that during the December 29, 2019 call with Ray at approximately the 3:20 mark, you indicated that you might get \$15,000 from this lawsuit."

        Plaintiff's response to no. 15:  "Don't recall, how is this relevant."

        Request no. 16:  "Admit that during the December 29, 2019 call with Ray, you promised that you might 'throw your friend a rack.'"

        Plaintiff's response to no. 16: "Don't recall, how is this relevant."

        Request no. 17:  "Admit that during the December 29, 2019 call with

4

Ray, you indicated that you are going to 'run it up.'"

Plaintiff's response to no. 17:  "Don't understand the question as to 'run it up.'"

Request no. 18:  "Admit that during an October 31, 2019 call with Melissa at approximately the 5:20 mark, you promised her that once you get the money from this lawsuit, you 'got her.'"

Plaintiff's response to no. 18:  "Don't recall, relevance?"

Request no. 19:  "Admit that during an October 31, 2019 call with Melissa at approximately the 5:40 mark, you indicated that you were still 'fine' in response to whether you are okay following the allegation that you were shot in the face."

Plaintiff's response to no. 19:  "How is this relevant, but I don't recall the conversation."

Request no. 20:  "Admit that during a different October 31, 2019 call with Ray at approximately the 12:00 mark, you indicate that as soon as you get this lawsuit, you are going to take care of people."

Plaintiff's response to no. 20:  "Don't recall; how is this relevant?"

Request no. 21:  "Admit that during an October 31, 2019 call with Ray at 12:30 mark, you state that you could pay for it if the girls want to move out of California."

Plaintiff's response to no. 21:  "Don't recall.  How is this relevant to being shot in the face and being retaliated against?"

Request no. 22:  "Admit that during an October 31, 2019 call with Ray at the 13:15 mark, you state you are about to get this settlement for about ten racks."

Plaintiff's response to no. 22:  "See question 21."

Request no. 23:  "Admit that during an October 31, 2019 call with Karen at approximately the 15:55 mark, you state that as soon as you get this lawsuit you are going to cash her out."

Plaintiff's response to no. 23:  "See question 21."  (Id.)

Request no. 24:  "Admit that during an August 12, 2019 call with Ray at approximately the 12:30 mark, you state that you are going to move Misha out near you when you get the settlement from this lawsuit."

Plaintiff's response to no. 24:  "See # 21."  (Id.)

Request no. 25:  "Admit that during a July 26, 2019 call with Ray at approximately the 5:30 mark, you state that money deposited to JPay was confiscated."

1    Plaintiff's response to no. 25:  "See # 21."

2    Request no. 26:   "Admit that during a July 23, 2019 call with Ray at
     approximately the 1:10 mark, you advise Ray to send money to JPay
3    media to avoid the 55% deduction."

4    Plaintiff's response to request no. 26:  "See # 21."

5    Request no. 27:  "Admit that during a July 21, 2019 call with Misha
     at the 15:10 mark, you advise Misha that once you 'get this lawsuit,'
6    you got her."

7    Plaintiff's response to no. 27:  "See # 21."

8    Request no. 28:  "Admit that during a July 16, 2019 call with Karen
     at approximately the 2:08 mark, you advise that there is so much
9    money up in prison."

10   Plaintiff's response to no. 28:  "See # 21."

11   Request no. 29:  "Admit that during a July 16, 2019 call with Karen
     at approximately the 2:08 mark, you state that you can take care of
12   home and buy a Benz."

13   Plaintiff's response to no. 29:  "See # 21."

14   Request no. 30:   "Admit that during a July 16, 2019 call at
     approximately the 11:15 mark, you state that you should be getting
15   some money from this lawsuit."

16   Plaintiff's response to no. 30:  "See # 21."

17   Request no. 31:   "Admit that during a July 16, 2019 call at
     approximately the 11:15 mark, you state that despite the shot in the
18   face, you look 'hella good.'"

19   Plaintiff's response to no. 31:  "See # 21."

20   Request no. 33:   "Admit that during a June 10, 2019 call with
     Quianna at approximately the 11:55 mark, you state that you are
21   trying to get a little lawsuit off the ground so you left your prior
     institution."
22
     Plaintiff's response to no. 33:  "See # 33."
23
     Request no. 36:  "Admit that during a May 3, 2019 call with Quianna
24   at approximately 11:20, you advised Quianna that Jimmy Render can
     be used to deposit funds to, to avoid the 55% taken by CDCR."
25
     Plaintiff's response to no. 36:  "See no. 21."
26
     Request no. 37:  "Admit that on May 8, 2019, inmate Jimmy Render
27   received a $90.00 credit card deposit through your JPay account."

28   Plaintiff's response to no. 37:  "See # 21."

1  Request no. 43:  "Admit that during an April 28, 2019 call with Ray
2  at approximately the 14:00 mark, you do not indicate any lasting facial injuries and that you look 'good.'"

3  Plaintiff's response to no. 43:  "See # 21."

4  Request no. 45:  "Admit that during a January 14, 2019 call with
5  Quintana at approximately the 6:20 mark, you indicate that you received two packages, including one in your cellmate's name."

6  Plaintiff's response to no. 45:  "See # 21."

7  Request no. 48:  "Admit that on a September 17, 2018 call with
8  Quianna at approximately the 8:00 mark, you indicate that you will get $20,000."

9  Plaintiff's response to no. 48:  "See # 21."

10  Request no. 49:  "Admit that on a September 17, 2018 call with
11  Quianna at approximately the 8:00 mark, you indicate that you get $50,000 if you keep it pushing."

12  Plaintiff 's response to no. 49:  "See # 21."

13  (ECF No. 45-2 at 8-17.)

14  In the motion to compel, defendants argue that their requests are relevant.  (ECF No. 45-1

15  at 6-26.)  Defendants also contend that during plaintiff's deposition, portions of jail calls were

16  played for plaintiff to "admit or deny" the contents of the calls.  (ECF No. 45-1 at 6.)  Defendants

17  contend that plaintiff was notified that copies of his jail calls could be made available for him to

18  review at his request.  (Id.)  Defendants contend that, to date, no request to review any of his jail

19  calls has been forthcoming.  (Id.)  Defendants argue that plaintiff was not diligent in providing

20  responses to their requests for admissions because he failed to review his calls in responding to

21  the at-issue requests.  See Asea, Inc., 669 F.2d at 1246 (response may be insufficient if party fails

22  to conduct reasonable inquiry where information necessary to admit or deny was readily

23  obtainable).

24  In the opposition to the motion to compel, plaintiff raises several objections not raised in

25  his responses to the requests for admissions.  (ECF No. 48.)  For example, plaintiff argues that

26  several requests violate the privacy rights of others.  (Id.)  Plaintiff also argues that the requests

27  are harassing and burdensome.  (Id.)

28  In the reply to plaintiff's opposition, defendants contend that any new objections raised in

7

1   plaintiff's opposition are improper.  (ECF No. 50 at 2.)  Defendants argue that in ruling on a

2   motion to compel, the court considers only the objections timely asserted in the initial response to

3   the discovery request that are subsequently reasserted and relied upon in the opposition.  (Id.

4   (citing Calderon v. Experian Information Solutions, Inc., 290 F.R.D. 508, 516 n. 4 (D. Idaho June

5   5, 2013).)

6          Defendants are correct that in ruling on a motion to compel, the court generally considers

7   objections timely asserted in the initial response to the discovery request that are reasserted in the

8   opposition.  However, as stated above, district courts "enjoy[] broad discretion when resolving

9   discovery disputes, which should be exercised by determining the relevance of discovery

10  requests, assessing oppressiveness, and weighing these factors in deciding whether discovery

11  should be compelled."  United States ex rel. Brown v. Celgene Corp., 2015 WL 12731923, at *2.

12  With this discretion in mind, the undersigned herein considers defendants' pending motion.

13         In the requests set forth above, with the exception of request no. 37, defendants ask

14  plaintiff to admit statements he made in fourteen different recorded telephone calls.  Defendants

15  attached a portion of plaintiff's deposition transcript to the motion to compel.  During the

16  deposition, defendants played a recording of plaintiff's September 17, 2018 telephone call with

17  Quianna then asked plaintiff the following:

18             Q:  All right. So during the September 17, 2018 call with Quianna,
               you indicated that you'll get 20,000, but if you keep pushing, you'll
19             get 50,000; is that right?

20             A:  Yeah.  I said that.  I don't know for sure—I don't know what
               could happen.
21

22  (ECF No. 45-2 at 42.)

23         Request for admission, set one, nos. 48 and 49 are duplicative of the deposition testimony

24  cited above.  Accordingly, the motion to compel as to requests nos. 48 and 49 is denied as these

25  requests are duplicative of plaintiff's deposition testimony.  Fed. R. Civ. P. 26(b)(2)(C) (court

26  may limit discovery if it is unreasonably cumulative or duplicative); K.C.R. v. County of Los

27  Angeles, 2014 WL 3433925, at *4 (where requests for admission are unreasonably cumulative

28  and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule

8

1 │ 36(a)).

2 │       The undersigned cannot determine whether other requests for admissions are duplicative

3 │ of plaintiff's deposition testimony because defendant did not submit plaintiff's entire deposition

4 │ transcript with the pending motion.[2]  The undersigned is concerned that other at-issue requests for

5 │ admission in set one are duplicative of plaintiff's deposition testimony.  However, for the reasons

6 │ stated herein, defendants motion to compel plaintiff to provide further responses to the requests

7 │ asking him to admit statements made during the recorded telephone calls is denied.

8 │       In order to respond to the at-issue requests for admissions, plaintiff would have to listen to

9 │ the recordings of the fourteen telephone calls, in part, because most of the requests ask plaintiff to

10 │ admit statements made at specific times.  Defendants clearly possess or otherwise have access to

11 │ the recordings of the fourteen telephone calls referenced in the at-issue requests.  In the at-issue

12 │ requests, defendants ask plaintiff to admit that he made the statements, not the truth of the

13 │ statements.

14 │       Based on the circumstances described above, the undersigned finds that the burden on

15 │ plaintiff in listening to the fourteen recorded telephone calls is significantly greater than the

16 │ burden on defendants in obtaining the requested information (which they already possess).   In

17 │ making this finding, the undersigned also considers the burden on prison officials in providing

18 │ plaintiff access to the recordings.  Accordingly, the motion to compel as to these requests is

19 │ denied.[3]  Fed. R. Civ. P. 26(b)(2)(C).

20 │       The only request for admission in set one that does not ask plaintiff to admit a statement

21 │ made in a recorded telephone call is request no. 37.  Request no. 37 asks plaintiff to admit that on

22 │ May 8, 2019, inmate Jimmy Render received a $90.00 credit card deposit through plaintiff's JPay

---

[2]  Local Rule 133(j) requires counsel relying on a deposition to provide the entire deposition to the court.

[3]  The undersigned also observes that defendants failed to demonstrate the relevancy of many of the at-issue requests.  For example, defendants argue that request nos. 14, 15, 16, 18, 20, 21, 22, 23, 24, 27, 28, 29, 30, 33, 48, 49 are relevant to whether plaintiff's allegation of poverty in his in forma pauperis application is true.  The undersigned finds that these requests generally concern statements made by plaintiff regarding the money he anticipates receiving from this lawsuit.  This information is not relevant to the truthfulness of plaintiff's in forma pauperis application.

account.  Plaintiff objected that this request was not relevant.  In the motion to compel, defendants argue that request no. 37 concerns plaintiff's financial status and motive, which is relevant to whether plaintiff's allegation of poverty in his in forma pauperis application was true. Defendants argue that request no. 37 bears directly on financial deposits that plaintiff was orchestrating to avoid paying restitution and deliberately keeping his trust-account balance low.

Title 28 U.S.C. § 1915(e)(2)(A) provides that this action may be dismissed if the court determines that plaintiff's allegation of poverty is untrue.  A dismissal pursuant to § 1915(e)(2) also requires a showing of bad faith.  Escobedo v. Applebees, 787 F.3d 1226, 1234 n. 8 (9th Cir. 2015).

It is not clear how a deposit received by another inmate received through plaintiff's JPay account demonstrates that plaintiff's allegation of poverty in his in forma pauperis application was not true. Without additional information regarding how an inmate is able to receive money through another inmate's JPay account, and how this deposit benefited plaintiff, the undersigned cannot evaluate the relevancy of request no. 37.  Accordingly, the motion to compel as to this request is denied.

Discussion—Set Two

Defendants move to compel further responses to the following requests for admissions from set two:

> Request no. 1:  "Admit that on August 24, 2019, you authored a J-Pay message to Larry Berry requesting that he deposit $50 to your J-Pay media account to avoid restitution."
>
> Plaintiff's response to no. 1:  "Don't recall, and how is this question relevant to excessive force and retaliation.'
>
> Request no. 2:  "Admit that on your in forma pauperis application (ECF No. 20), you identified zero income from any sources, including family."
>
> Plaintiff's response to no. 2:  I do not understand this question?
>
> Request no. 3:  "Admit that on August 29, 2019, you authored a J-pay message to Larry Berry questioning him for sending money to the incorrect J-Pay account."
>
> Plaintiff's response to no. 3:  "I do not recall."

10

Request no. 4:  "Admit that on October 10, 2019, you authored a J-Pay message to Summer Thorpe instructing her to deposit $40 to your J-Pay media account."

Plaintiff's response to no. 4:  "I do not recall."

Request no. 5:  "Admit that on December 12, 2019, you authored a J-Pay message to Summer Thorpe instructing her to deposit money to your J-Pay media account."

Plaintiff's response to no. 5:  "I do not recall—relevance?"

Request no. 6:  "Admit that on January 16, 2020, you authored a J-Pay message to Summer Thorpe instructing her to deposit money to your J-Pay media account."

Plaintiff's response to request no. 6:  "See # 1."

Request no. 7:  Admit that on January 17, 2020, you authored a J-Pay message to Ray Thorpe instructing him to deposit money to your J-Pay media account."

Plaintiff's response to request no. 7:  "See # 1."

Request No. 8:  "Admit that on March 1, 2020, you authored a J-Pay message to Leslie Peete instructing "Nonie" to send $50 to an unidentified account so you can order a package."

Plaintiff's response to request no. 8:  "See # 1."

Request No. 9:  "Admit that on February 27, 2020, you authored a J-Pay message to Leslie Peete instructing her to send $50 to an inmate Padilla (G-47340)."

Plaintiff's response to no. 9:  Objection.  This request is vague and ambiguous as to "authored" and seeks admissions that are irrelevant to any claim or defense in this action and is not likely to contain admissible evidence.  This request also violates the privacy rights of others, and geared toward obtaining inadmissible character evidence, notwithstanding the objection the plaintiff answers as follows…Plaintiff does not recall.

Request no. 10:  "Admit that on March 1, 2020, $50 was deposited to Inmate Padilla's account.

Plaintiff's response to no. 10:  Objection.  This request is vague and ambiguous as to "account" and seeks admissions that are irrelevant to any claim or defense in this action and is not likely to contain admissible evidence.  This request also violates the privacy rights of others, and geared toward obtaining inadmissible character evidence; notwithstanding the objection the plaintiff answers as follows…Plaintiff does not recall."

Request no. 11:  "Admit that on May 8, 2019, $90 was deposited to inmate Jimmy Render's account."

11

> Plaintiff's response to no. 11:  Objection.  This request is vague and ambiguous as to "account" and seeks admissions that are irrelevant to any claim or defense in this action and is not likely to contain admissible evidence.  This request also violates the privacy rights of others, and geared toward obtaining inadmissible character evidence…notwithstanding the objection the plaintiff answers as follows, plaintiff does not recall.

(ECF No. 45-2 at 20-28.)

Request nos. 1 and 3-9 ask plaintiff to admit messages plaintiff authored on his JPay account.  Defendants argue that request nos. 1 and 3-9 are relevant to whether plaintiff's allegation of poverty in his in forma pauperis application is true.  Defendants contend that the email messages discussed in request nos. 1 and 3-9 are available on plaintiff's tablet and a spreadsheet can be provided by defendants to plaintiff to the extent plaintiff no longer has access to his tablet.  Defendants argue that through either means, plaintiff has the resources available to conduct a reasonable inquiry in responding to these requests.

Plaintiff signed his in forma pauperis application on September 3, 2019.  (ECF No. 2 at 2.)  Plaintiff's in forma pauperis application asked plaintiff if he received any money from various sources over the last twelve months.  (Id. at 1-2.)  Plaintiff's in forma pauperis asked plaintiff if he had any cash or other assets.  (Id. at 2.)  Therefore, request nos. 4-9 are not relevant to whether plaintiff's September 3, 2019 allegation of poverty was truthful as they seek information regarding deposits to plaintiff's J-Pay account after September 3, 2019.

Request no. 1 asked plaintiff to admit that on August 24, 2019, he authored a J-Pay message to Larry Berry requesting that he deposit $50 to plaintiff's J-Pay media account to avoid restitution.  Request no. 3 asked plaintiff to admit that on August 29, 2019, he authored a J-pay message to Larry Berry questioning him for sending money to the incorrect J-Pay account.

Requests no. 1 and 3 do not demonstrate that plaintiff actually received $50 from Larry Berry prior to September 3, 2019, i.e., the date plaintiff signed his in forma pauperis application.  While these requests suggest that plaintiff solicited money from inmate Berry, they also suggest that plaintiff did not receive the requested money.  Plaintiff's failure to receive money from inmate Berry does not demonstrate that plaintiff was not truthful in his in forma pauperis

12

1    application.  Accordingly, the motion to compel as to requests nos. 1 and 3 is denied because

2    defendants have not adequately demonstrated the relevancy of these requests to the truthfulness of

3    plaintiff's in forma pauperis application.

4         Request no. 10 stated, "Admit that on March 1, 2020, $50 was deposited to Inmate

5    Padilla's account."  Request no. 11 stated, ""Admit that on May 8, 2019, $90 was deposited to

6    inmate Jimmy Render's account."  Plaintiff objected, in part, that the term "account" in these

7    requests was ambiguous.  In the reply to plaintiff's opposition, defendants clarify that in request

8    nos. 10 and 11, they are asking if deposits were made to the accounts of inmates Render and

9    Padilla on plaintiff's behalf.  Defendants argue that this information is in plaintiff's JPay records.

10        The undersigned finds that requests nos. 10 and 11 are ambiguous.  Requests nos. 10 and

11   11 do not identify the accounts belonging to inmates Render and Padilla where the deposits on

12   plaintiff's behalf were made.  In other words, it is unclear if defendants refer to JPay accounts

13   belonging to inmates Render and Padilla or some other accounts.

14        In the reply, defendants state that plaintiff's JPay records will show whether deposits

15   were made "on plaintiff's behalf" to the accounts of inmates Render and Padilla.  It is not clear to

16   the undersigned what defendants mean by "on plaintiff's behalf."  It is unclear if defendants are

17   asking if plaintiff himself deposited the money into the "accounts" of inmates Render and Padilla

18   from his JPay account, or if defendants are asking if anyone else deposited money into the

19   accounts of inmates Render and Padilla on plaintiff's behalf.

20        Accordingly, the motion to compel as to request nos. 10 and 11 is denied on the grounds

21   that these requests are ambiguous.

22        In request no. 2, defendants ask plaintiff to admit that on his in forma pauperis

23   application, he identified zero income from any sources, including family.  Plaintiff's in forma

24   pauperis application is in the court record.  (ECF No. 2.)  Therefore, the information defendants

25   seek in request no. 2 is equally available to defendants.  Accordingly, the motion to compel as to

26   request no. 2 is denied.

27   Plaintiff's Motion to Vacate (ECF No. 76)

28        Plaintiff moves the court to vacate defendants' motion to compel as untimely.  On

                                          13

1   September 22, 2020, the undersigned granted defendants twenty-one days to file a motion to

2   compel addressing plaintiff's responses to the requests for admissions.  (ECF No. 42.)

3   Defendants filed the pending motion within twenty-one days of September 22, 2020.

4   Accordingly, plaintiff's motion to vacate the pending motion to compel as untimely is denied.

5            Accordingly, IT IS HEREBY ORDERED that:

6        1.   Defendants' motion to compel (ECF No. 45) is denied;

7        2.   Plaintiff's motion to vacate defendants' motion to compel (ECF No. 76) is denied.

8   Dated:  March 28, 2022

9

10                              KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE
11

12

13
    Thorp1974.compel(2)
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        14